The opinion of the court was delivered by
Rogers, J.
This is an appeal from the decision of Justice Huston, in the Circuit Court of Allegheny county, under the following circumstances: — The plaintiff, Neal Kelly, settled on the land where he now resides, in the year 1811, and has lived on it ever since. He has a cabin, stable, and thirty acres of land cleared. In June, 1815, one Johnstone (who had bought an old improvement, which had been abandoned long before Kelly came to the land) having no title, induced Kelly to take a lease under him, for eleven years. In June, 1815, Johnstone made a survey, including the land in question, at which M‘Murray was present. In April, 1815, M*Murray took out a warrant for two hundred acres of unimproved land, surveyed it in July, 1815, and obtained a patent in 1817. Kelly did not enter a caveat. Prior to 1815, Kelly had done some work in a piece of hollow ground, and made some heaps of brush: he was present when the deputy surveyor executed M*Murray’s warrant on that part of the land, and objected to his taking the piece of bottomland into his survey, claimed it, and said' he had done the work. In June, 1817, he sued Abers, the defendant, who had purchased from Murray, for hauling rails, from this place, and said he was bound by Johnstone’s lease, to take care of the land. He said he claimed Johnstone’s survey. It is admitted, that Johnstone had no title.
About the year 1833, Abers built a cabin near the bottom piece, and cleared twenty or thirty acres. This is the land in dispute. In 1817, there were no improvements on the land when Kelly claimed Johnstone’s survey. Gilland purchased Johnstone’s rights, at a sale for taxes, and Kelly became a tenant under him. In a suit between him and Elliott, one of the defendants, Kelly was a witness, and swore he had no interest in the suit. .
The question raised was, whether Kelly gave notice of his claim in time, and in a proper maimer.
*282 The court charged the jury, that unless Kelly gave notice of his claim, as an actual settler in his own right, and by virtue of his improvement and settlement, he could not recover. That it was not sufficient, that he claimed the land as the tenant of John-stone.
The plaintiff, Kelly, claimed the land at the trial, as an aetual settler; thus having abandoned all right to a recovery, under the survey of Johnstone. If Kelly had given notice of his claim generally, it would have been properly referred to his better title by actual settlement and improvement, and this was properly left, by the court, to the jury, who have found that his notice was of a title claimed by virtue of Johnstone’s survey, and the lease he held was Johnstone’s. ' He cannot now be permitted to say, that he was mistaken in his title; that he does not claim under Johnstone, but by virtue of his improvement and settlement. If this were permitted, it would enable Kelly to defraud Abers, who, no doubt, investigated Johnstone's claim, and found it worth nothing; and then made improvements on the land, which would be enjoyed by Kelly, by whose mistake or misrepresentation he was induced to expend his money and labour. If it were designed, on the part of Kelly, then there can be no pretence that he would have a right to recover. The laws will permit no man to. be benefited by his fraud. If it was a mistake of his bight, the maxim will apply, that when one of two innocent persons must suffer, he, who is the cause of the loss, must bear it.
Motion for a new trial overruled, and judgment affirmed.